```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

TEAMSTER LOCAL UNION NO. 714,       )
                                    )
                  Plaintiff,        )
                                    )
     v.                             )     No.  06 C 6695
                                    )
GES EXPOSITION SERVICES, INC.,      )
                                    )
                  Defendant.        )
_____)
                                    )
TEAMSTER LOCAL UNION NO. 714,       )
                                    )
                  Plaintiff,        )
                                    )
     v.                             )     No.  06 C 6696
                                    )
FREEMAN DECORATING SERVICES, INC.,  )
                                    )
                  Defendant.        )

## MEMORANDUM OPINION AND ORDER

Each of these actions has been brought by Teamster Local Union No. 714 ("Local 714") to compel arbitration of a grievance between Local 714 and an employer with which it has entered into a collective bargaining agreement ("CBA"). Metropolitan Pier and Exposition Authority ("Authority"), a public body that is not a party to either of those CBAs, has filed motions to intervene in each action, seeking to invoke the provisions of either Fed. R. Civ. P. ("Rule") 24(a)(2)(dealing with intervention as of right) or Rule 24(b)(2) (dealing with permissive intervention). Local 714 has now filed a response in each action opposing intervention under either alternative. And although this Court had earlier indicated the possibility of entertaining a reply from Authority,

Local 714's presentation calls for the denial of both motions without any further submissions.

As Local 714 has demonstrated persuasively, Rule 24(a)(2) is not called into play here. Authority has no dog in the hunt as to the arbitrations in question (that is, its asserted interest will not be impaired by the outcome of the existing litigation between the parties, and in all events that interest is adequately represented by the defendant employer's position in each lawsuit). More particularly, if Local 714 later ends up in a jurisdictional dispute with some other union, Authority remains free to invoke the provisions of a separate CBA to which it, Local 714 and such other unions are signatories: the Labor Agreement for the Metropolitan Pier and Exposition Authority ("MPEA Agreement").[1]

As for permissive intervention under Rule 24(b)(2), Authority's attempted invocation of that provision founders for other reasons. There is no question that the present parties are well equipped to resolve the controversy between them--not only is there no hint of collusion (for which the presence of an outsider such as Authority might be needed to assure the

---

[1] MPEA Agreement §8(B) provides for the resolution of jurisdictional disputes between any of the signatory unions. But no union other than Local 714 is a party to either of the present lawsuits, and Authority cannot properly bootstrap itself into this action by asserting such a dispute on behalf of absent parties.

2

integrity of the proceedings before this Court), but Local 714 has represented that the existing parties to both actions are moving toward the early submission of cross-motions for summary judgment. That brings into play the last sentence of Rule 24(b):

> In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Here Authority's intervention would do just that.

## Conclusion

Authority's motions to intervene are denied in both of these actions. This Court retains the presently scheduled 9:30 a.m. April 27 status hearing date to discuss further proceedings in each case.

_____
Milton I. Shadur
Senior United States District Judge

Date:  April 13, 2007